# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                    )
**COMMERCE BANK, a division of BERKHIRE BANK,**)
**as successor-in-interest to**                     )
**COMMERCE BANK & TRUST COMPANY,**                  )
        Plaintiff,                                 )
                                                    )
    v.                                            )       **CIVIL ACTION**
                                                    )       **No. 18-40159-TSH**
                                                    )
**FIRST STATE TRUCKING, INC.,**                     )
**TIMOTHY J. CAMPBELL, and**                        )
**DONALD H. CAMPBELL,**                             )
        Defendants.                                )
_____           )


## ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
### December 4, 2018

**HILLMAN, D.J.**


## Background

      Plaintiff, Commerce Bank, a division of Berkshire Bank, as successor-in interest to

Commerce Bank & Trust Company ("Commerce Bank") has filed a Complaint (Docket No. 1)

against Defendants, First State Trucking, Inc. ("First State"), Timothy J. Campbell ("T.

Campbell"),  and Donald H. Campbell ("D. Campbell"), for breach of contract as the result of

Defendants' failure to pay Commerce Bank for monies due in connection with an aircraft loan

and/or personal guaranties.  Commerce Bank seeks a preliminary injunction which would enjoin

the Defendants from interfering with its rights to certain collateral, including a 1980 Sabreliner

65, FAA Registration No. N42DC, Serial No. 465-25 (the "Sabreliner") pledged to Commerce

bank as a security pursuant to an aircraft security agreement.

## **Facts**

On August 20, 2007, First State executed a demand promissory note in favor of Commerce Bank in the principal amount of $500,000.00 ("Note"). The Note was payable in eighty-three equal monthly installments, with a final balloon payment of $402,357.04 due on or before August 20, 2014. On August 29, 2014, First State executed an allonge to the Note extending the maturity date of the Note until August 20, 2019, with fifty-nine monthly payments and a final balloon payment of all unpaid principal and interest (the "Allonge").

As security for the Note, First State granted Commerce Bank a security interest in the Sabreliner. The parties executed a security agreement[1] and Commerce Bank perfected its security interest in the "Collateral"[2], as defined therein. T. Campbell and D. Campbell (collectively, "Guarantors") executed personal guaranties unconditionally guaranteeing all obligations of First State to Commerce Bank under the Note.[3]

First State is in default of its obligations under the Note having ceased to make required payments in September 2017. The outstanding balance owed on the Note is $160,867.06 *plus* interest, late fees, *etc.* The Guarantors have also failed to pay the outstanding amounts due to Commerce Bank, as required. The Security Agreement grants Commerce Bank the right to take possession of and sell the Collateral should an "Event of Default" occur. Failure to make payment when due under the Note is an "Event of Default." On July 18, 2018, Commerce Bank notified First State and the Guarantors that they were in payment default under the Note and guaranties and that it was accelerating the full amount due.

---

[1] A copy of the Aircraft Security Agreement between First State and Commerce Bank is attached to the Complaint as *Exhibit C* ("Security Agreement").

[2] The Security Agreement defines "Collateral" to include the Sabreliner and related documents, parts, accounts, rights, *etc.*

[3] T. Campbell executed his guaranty at the time of the Allonge and D. Campbell executed his guaranty at the time of the original loan.

## Discussion

In evaluating a motion for a preliminary injunction, the Court considers the following factors: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In this case, the Defendants have not disputed that they have defaulted under the Note and/or personal guarantees. Furthermore, the Defendants have been served and have not appeared or otherwise opposed the issuance of a preliminary injunction in Commerce Bank's favor. Accordingly, Commerce Bank has established a *strong* likelihood of success on the merits, that it will suffer irreparable harm, that the equities are in its favor and that public policy favors the issuance of injunctive relief. Therefore, Commerce Bank's motion for a preliminary injunction is granted.

## Security

This Court's rules of procedure provide in relevant part that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an

amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c). Therefore, Commerce Bank shall post a bond or cash in the amount of $1,000 as security for the costs and damages, if any, sustained by any Defendant if found to have been wrongfully enjoined or restrained.

### Conclusion

Plaintiff's Motion For Preliminary Injunction (Docket No. 2) is ***granted***, as follows:

1.      The Plaintiff, Commerce Bank, a division of Berkshire Bank, as successor-in interest to Commerce Bank & Trust Company, is hereby authorized to take possession of the Collateral under the Security Agreement, including the 1980 Sabreliner 65, FAA Registration No. N42DC, Serial No. 465-25, and to exercise its rights set forth in such agreement with respect to the Collateral. Notwithstanding the terms of the Security Agreement, the Defendants shall have until 5:00 p.m. on Friday, December 14, 2018 to deliver the Collateral to Commerce Bank, or its authorized agent, at their own expense, at a location designated by Commerce Bank. Thereafter, Commerce Bank shall have the right to exercise its rights under the Security Agreement to take possession of the Collateral and to charge the Defendants for reasonable expenses incurred in connection therewith.

2.      Except as provided in the preceding paragraph with respect to delivery of the Collateral,  the Defendants, their agents, servants and employees are hereby enjoined from interfering with Commerce Bank's exercise of its rights under Security Agreement.

2.      The Defendants are hereby enjoined from disposing, selling, conveying or encumbering any of their property, real or personal, or any ownership interest therein, directly or indirectly, except in the ordinary course of business, for necessary or usual living expenses, for payment of attorney fees, or pursuant to order of any court of competent jurisdiction.

Commerce shall post a bond or cash in the amount of $1,000 on or before Friday,

December 14, 2018.

**SO ORDERED.**


*/s/* ***Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE


**Tuesday, December 4, 2018   8:25  a.m.**